IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Erica Bell, *et al.*,

    *Plaintiffs*,

v.

APEX Realty, LLC, *et al.*,

    *Defendants*

No. 24-cv-0157-ABA

**MEMORANDUM AND ORDER**

The purchase agreement between Plaintiffs Erica Bell, Xana Colvin, and Carlos Colvin and Defendant NVR, Inc./Ryan Homes ("Ryan Homes") contains a one-year contractual limitations period. ECF No. 70-2 and 70-3 ¶ 13. Ryan Homes moved for dismissal of Plaintiffs' claims against Ryan Homes based on that contractual provision. ECF No. 70-1 at 9–18.[1] Specifically, Ryan Homes argued that the contractual limitations provision required dismissal of Plaintiffs' "non-express warranty claims." *See, e.g.*, *id*. at 16. Plaintiffs opposed dismissal in part by arguing that equitable estoppel bars enforcement of the contractual limitations period. ECF No. 85 at 11–15. In its September 29, 2025 memorandum opinion on Defendants' motions to dismiss, this Court concluded that equitable estoppel did not bar the enforcement of the contractual limitations period. ECF No. 103 at 30–35. Because equitable estoppel was the only argument Plaintiffs raised against Ryan Homes' position that the limitations provision barred the non-warranty claims against it, the Court dismissed with prejudice Plaintiffs' negligence and implied warranty claims against Ryan Homes found in counts 2, 5, and

---

[1] Page numbers herein refer to the CM/ECF pagination, not necessarily the original page numbering.

12. *Id.* at 34–35; ECF No. 104. Based on the parties' briefs, the Court understood Ryan Homes' reference to "non-express warranty claims" to seek dismissal on limitations grounds of the "warranty" claims other than Plaintiffs' express warranty claims—as opposed to all of Plaintiffs' claims other than the *express* warranty claims. In other words, the Court did not understand Ryan Homes to be arguing that the contractual limitations provision barred count 7, alleging a violation of the Maryland Consumer Protection Act ("MCPA").

On October 14, 2025, Ryan Homes moved for reconsideration or clarification, contending that it *had* argued that the contractual limitations provision also barred the MCPA claim in count 7 and that the Court's reasoning regarding the provision applied equally to the MCPA claim. ECF No. 113. Plaintiffs filed a response to the motion and Ryan Homes filed a reply. ECF Nos. 115 & 132. In their response, Plaintiffs agree that Ryan Homes argued in its motion to dismiss that the contractual limitations provision barred the MCPA claim. *See* ECF No. 115 at 1 (arguing that the motion for reconsideration "merely relitigates arguments the Court has already heard and rejected. It repackages the same limitations arguments that this Court has already weighed"); *id.* at 4 (arguing that Ryan Homes' motion for reconsideration "refers to points already argued in its motion to dismiss papers"). Therefore, it is apparent that the Court misapprehended Ryan Homes' argument regarding Plaintiffs' MCPA claim.

Ryan Homes is correct that the Court's analysis regarding the contractual limitations provision in connection with counts 2, 5, and 12 applies equally to the MCPA claim in count 7. The limitations provision states that these three Plaintiffs

> AGREE[D] THAT ANY AND ALL CLAIMS ARISING OUT OF
> OR RELATING TO THIS AGREEMENT . . . , REGARDLESS
> OF LEGAL THEORY, EXCEPT ANY CLAIMS UNDER THE

>  LIMITED WARRANTY ("CLAIMS"), SHALL BE SUBJECT TO A ONE (1) YEAR LIMITATION OF ACTION PERIOD AND BAR DATE. SUCH CLAIMS BASED ON MATTERS OCCURRING BEFORE THE SETTLEMENT DATE SHALL BE DEEMED TO HAVE ARISEN AND ACCRUED, IF AT ALL, AND THE ONE YEAR LIMITATION OF ACTION PERIOD FOR ALL SUCH CLAIMS SHALL BEGIN TO RUN ON THE ACTUAL SETTLEMENT DATE.

ECF No. 70-2 and 70-3 ¶ 13. Like counts 2, 5, and 12, Plaintiffs' MCPA claim in count 7 is premised on Ryan Homes' alleged misrepresentations that pre-dated settlement, bringing that claim within the ambit of the contractual limitations provision. *See, e.g.*, ECF No. 103 at 38 ("In support of count 7, Plaintiffs alleged that Ryan Homes . . . 'engaged in false and misleading statements to these Plaintiffs' that contributed to Plaintiffs' decision to purchase . . . the houses.") (quoting ECF No. 63 ¶ 359); *id.* at 39 ("Plaintiffs have alleged that Ryan Homes made specific statements that the properties were free of defects and were of a particular standard, that those statements were made before Plaintiffs purchased the homes, that those statements induced Plaintiffs to buy the properties and that, with respect to the sewer system, the statements listed above were false.").

    A court should grant a motion for reconsideration "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (quoting *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007)). Moreover, "[i]n considering whether to revise interlocutory decisions, district courts in this Circuit have looked to whether . . . the court has 'obviously misapprehended a party's position or the facts or applicable law.'" *Cohens v. Maryland Dep't of Hum. Res.*, 933 F. Supp. 2d 735, 742–43

(D. Md. 2013) (quoting *United States v. Duke Energy Corp.*, 218 F.R.D. 468, 474 (M.D.N.C. 2003)).

Here, the Court misapprehended Ryan Homes' argument in its motion to dismiss. The Court's reasoning regarding why equitable estoppel does not bar application of the one-year contractual limitations provision pertains equally to Plaintiffs' claim in count 7 against Ryan Homes as it does to counts 2, 5, and 12. Therefore, to correct a clear error in the Court's analysis, it is ORDERED that the motion for reconsideration (ECF No. 113) is GRANTED and the MCPA claim against Ryan Homes in count 7 is DISMISSED with prejudice. All Plaintiffs' claims against Ryan Homes have now been dismissed, but Ryan Homes remains named as a defendant with respect to Airvac's crossclaim (which, as to Ryan Homes, the Court will now construe as a third-party claim). *See* ECF No. 106.

Date:  December 3, 2025

                                                      /s/
                                            Adam B. Abelson
                                            United States District Judge